## 68162. WALDEN v. THE STATE.

BANKE, Presiding Judge.

The appellant and Tommy Joe Hutchins were jointly tried and convicted of aggravated sodomy. The victim, who had known Hutchins for years, testified that she accepted a ride home from a bar with Hutchins on the night in question and that the appellant, who was also a passenger, beat her, assaulted her with a knife, and sodomized her. Hutchins corroborated this much of the victim's testimony, but he denied her further testimony that he had assisted the appellant in carrying out the assault, his version being that he had merely observed the appellant's conduct and had done nothing to aid or abet him. The appellant denied any involvement whatsoever and presented an alibi defense. *Held*:

1. The appellant's first enumeration of error concerns the trial court's refusal to grant a severance.

In a noncapital felony case, defendants may be tried jointly or separately in the discretion of the trial court. See OCGA § 17-8-4. A defendant requesting a severance must make a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials." Id. at 129.

Although the appellant and Hutchins offered contradictory testimony, each had the opportunity to cross-examine the other and each was represented by separate counsel. Under the circumstances of this case, we find no indication that any undue prejudice resulted from the failure to grant separate trials. Accord *Parrish v. State*, 160 Ga. App. 601 (1) (287 SE2d 603) (1981). Accordingly, the trial court did not err in refusing to grant a severance.

2. Appellant contends that the trial court erred in refusing to grant him access to a prior written statement the victim had made to police. Apparently, the appellant was unaware such a statement existed until the witness was cross-examined, at which time, upon in-

quiry, the state's attorney acknowledged possession of the document but declined to make it available to appellant unless ordered to do so by the trial court. Appellant did not request the trial court to conduct an in-camera inspection of the statement, nor had he made any pretrial motion for its production.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution." Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). See also *Duncan v. State*, 163 Ga. App. 148 (3) (294 SE2d 365) (1982). After the state has responded to a Brady motion, a defendant may request an in-camera inspection to determine whether the state's files contain any exculpatory evidence; however, in the absence of such a request, no such inspection is required. See *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981); *Duncan v. State*, supra. Since no in-camera inspection was requested in this case, the material in question was not made a part of the record on appeal, and there has consequently been no showing that the statement was in fact exculpatory to the appellant. It follows that no reversible error has been established.

3. Appellant contends that the trial court erred in refusing to order a mistrial based on the state's failure to introduce evidence to support a comment made during its opening statement to the effect that the evidence would show that appellant "was placed on the Ten Most Wanted List of Atlanta." The comment had reference to an extended delay in effecting appellant's arrest which had been caused by the need to disseminate arrest warrants to several jurisdictions, a fact which was established by evidence during the trial. Under the circumstances, we hold that the trial court did not abuse its discretion in denying the motion for mistrial.

4. Appellant contends that the trial court erred in refusing to allow the victim to be cross-examined as to whether she was under the influence of marijuana or alcohol on the evening in question. Although the trial judge ruled that counsel could not pursue this inquiry, the witness subsequently testified that she had consumed about three beers that night, and appellant's counsel was allowed to allude to this consumption of beer during closing argument. Consequently, assuming *arguendo* that the cross-examination was improperly restricted, appellant suffered no prejudice; and no reversible error was committed. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

5. Appellant contends that the trial court erred in refusing to order a mistrial in response to a comment by the state's attorney during closing argument that Walden and Hutchins were engaged in a continuing conspiracy to discredit the victim as a witness. Assuming *ar-*

*guendo* that the comment was improper, we do not believe it was so prejudicial as to have warranted the grant of a mistrial, particularly since the appellant was positively identified as the active perpetrator of the offense by Hutchins as well as the victim.

6. Appellant contends that the trial court erred in unduly restricting his closing argument with regard to the state's failure to conduct certain tests on seminal fluid which had been extracted from the vagina and cervix of the victim on the morning after the incident. Appellant's counsel desired to argue that such tests might have excluded any possibility that the appellant was the perpetrator. However, no evidence was presented at trial to indicate that any such result might in fact have been established by such tests had they been conducted. In the absence of such evidence, we find no error in the trial court's action. See generally *Durden v. State,* 250 Ga. 325, 329-330 (297 SE2d 237) (1982).

7. As there was evidence from which the jury could have concluded that appellant did in fact attempt to flee to avoid apprehension, and as flight is always a circumstance which the jury may consider in determining guilt or innocence (see *Hogans v. State,* 251 Ga. 242 (304 SE2d 699) (1983)), we hold that the trial court did not err in charging the jury on this issue.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 25, 1984 —
REHEARINGS DENIED MAY 14, 1984 —

*Tony H. Hight,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Margaret V. Lines, Assistant District Attorneys,* for appellee.

