## A89A0741. GROBLE v. THE STATE.
(384 SE2d 281)

BENHAM, Judge.

Stanley Groble was found guilty of entering an automobile with intent to commit theft, in violation of OCGA § 16-8-18, and sentenced to a five-year prison term. He appeals.

1. On appeal, we must view the evidence in a light most favorable to the prosecution. *Howell v. State*, 188 Ga. App. 425 (1) (373 SE2d 216) (1988). The jury was authorized to find that on June 1, 1988, at 2:30 a.m., on the campus of Georgia State University, appellant entered the victim's automobile, removed the radio from its lodging, damaged the car door latch, and rummaged through the car pocket. A campus security guard noticed appellant in the car and saw that the radio speakers were missing. The police were summoned and appellant was arrested.

OCGA § 16-8-18 provides that if a person enters an automobile or vehicle with the intent to commit a theft or felony therein, he is guilty of a felony. A rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of entering an automobile with intent to commit theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hall v. State*, 172 Ga. App. 371 (323 SE2d 261) (1984). Hence, this enumeration is without merit.

2. Appellant contends that the trial court erred in allowing evidence of a similar transaction. The transaction in question involved a 1983 conviction and sentence of three years imprisonment for entering an automobile with intent to commit a theft. It is conceded by appellant that the transaction itself was similar and therefore admissible to show motive, intent, scheme, and bent of mind; however, appellant contends that it was error to admit evidence of the sentence because it impermissibly placed his character into evidence.

In *Pope v. State*, 178 Ga. App. 148, 149 (342 SE2d 330) (1986), we found certified copies of a prior guilty plea, indictment, and sentence to be admissible in evidence "if they pertain to crimes concerning which testimony has been admitted and a foundation laid thereby." We share appellant's concern here that the sentence in a prior offense does not show motive, intent, scheme, and bent of mind; however, appellant must show not only error but harm. *Stewart v. State*, 180 Ga. App. 266 (2) (349 SE2d 18) (1986). Accord *Houston v. State*, 187 Ga. App. 335 (2) (370 SE2d 178) (1988). While the better method would be not to admit the sentence in a prior offense where a similar transaction is involved, in the case sub judice it is "highly

probable" that the admission of the sentence did not contribute to the verdict. *Crews v. State*, 185 Ga. App. 494, 495 (2) (364 SE2d 625) (1988). Therefore, this enumeration is without merit.

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED JULY 12, 1989.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Richard E. Hicks*, *Linda Finley*, *Joseph J. Drolet*, Assistant District Attorneys, for appellee.