## A03A0786. HUNT v. THE STATE.
(582 SE2d 493)

MILLER, Judge.

A jury found Charles Lewis Hunt guilty of vehicular homicide and driving under the influence of alcohol. Following the denial of his motion for new trial, Hunt appeals. He contends that the evidence was insufficient to sustain his convictions for vehicular homicide and DUI, and that the trial court erred in "failing to inquire into the potential partiality of a juror." We discern no error and affirm.

1. Hunt argues that the trial court erred in denying his motions for directed verdict and new trial because the State failed to produce sufficient evidence that he was driving the vehicle at issue. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for determining the sufficiency of the evidence to support a conviction." (Citation omitted.) *Worthington v. State*, 257 Ga. App. 10 (570 SE2d 85) (2002). On appeal, we view the

evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). This Court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient for a rational trier of fact to find Hunt guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A review of the evidence showed that a vehicle veered off of the road and struck a tree, killing a female passenger and throwing a young male passenger into a nearby ditch. Several witnesses on the scene, including emergency personnel, described Hunt as the person who was in the driver's seat of the vehicle immediately after the accident. Hunt was found in a semi-conscious state wedged underneath the steering wheel, with his left leg under the dashboard, and his right leg behind the passenger seat. Some beer was found in the back seat of the vehicle, and Hunt had a blood alcohol level of 0.19.

As several witnesses on the scene testified that Hunt was in the driver's seat of the vehicle immediately after the accident, the evidence is sufficient for a rational trier of fact to conclude that Hunt was the driver at the time of the accident. See *Cauthen v. State*, 177 Ga. App. 565, 566 (2) (340 SE2d 199) (1986), overruled in part on other grounds, *Green v. State*, 260 Ga. 625 (398 SE2d 360) (1990); see also *Smith v. State*, 222 Ga. App. 701, 702 (1) (475 SE2d 715) (1996). Thus, the court did not err in denying Hunt's motion for directed verdict or his motion for new trial, and we affirm his convictions for vehicular homicide and DUI. See OCGA §§ 40-6-393 (a); 40-6-391 (a) (5).

2. During trial, a juror brought to the court's attention that he knew one of the witnesses. When questioned by the court, the juror explained that he did not recognize the witness by name, but later recalled (after the witness testified) that he and the witness had occasionally attended the same church several years earlier. The juror further explained that he had only casual contact with the witness. After the inquiry by the court, the juror was allowed to remain on the jury.

Hunt argues that the court failed to adequately inquire into the relationship between the juror and the witness. At no time, however, did Hunt complain to the court that its inquiry was inadequate, nor did he object to the court's allowing the juror to remain on the jury. Thus, Hunt has waived any alleged error on appeal. See *Hawkins v. State*, 195 Ga. App. 739, 741 (6) (395 SE2d 251) (1990); see also *Schwindler v. State*, 254 Ga. App. 579, 586-587 (8) (563 SE2d 154) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 7, 2003 —
RECONSIDERATION DENIED MAY 28, 2003 — 

*Mitchell & Mitchell, E. Neil Wester III, G. Gargandi Vaughn*, for appellant.

*Kermit N. McManus, District Attorney*, for appellee.