## A03A0986. GOSNELL v. THE STATE.
(586 SE2d 350)

MIKELL, Judge.

This is the second appearance of this case before this Court. As we noted in *Gosnell v. State,* 247 Ga. App. 508 (544 SE2d 477) (2001), a grand jury indicted Paul Gosnell on two counts of aggravated sodomy and two counts of aggravated child molestation for acts committed against his son. On March 24, 1998, a jury found him guilty of one count of aggravated sodomy and one count of aggravated child molestation. On April 22, 1998 (amended June 25, 1998, nunc pro

tunc April 22, 1998), the trial court sentenced Gosnell to life without parole pursuant to OCGA § 17-10-7.[1] The trial court granted Gosnell's motion for new trial as to the jury's verdict for aggravated sodomy, but denied Gosnell's motion as to the jury's verdict for aggravated child molestation. We affirmed the trial court's ruling.

On October 31, 2002, four and a half years after he was sentenced, Gosnell filed a motion to vacate/set aside/modify/correct illegal sentence. The trial court denied the motion finding that it no longer had jurisdiction to modify Gosnell's sentence and that the sentence was not illegal because there was no evidence that the trial court failed to exercise its discretion.[2] We affirm.

1. A trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered. *Eddleman v. State*, 247 Ga. App. 753 (2) (545 SE2d 122) (2001); *Levell v. State*, 247 Ga. App. 615, 616 (1) (544 SE2d 523) (2001). An exception exists when the sentence is one that the law does not allow. *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). Here, the trial court originally sentenced Gosnell in April 1998. Thus, the term of court expired long before Gosnell filed his motion.

Gosnell argues that his sentence is void because the trial judge failed to exercise discretion when sentencing him to life without parole and did not consider mitigating factors. There is no merit to this claim. OCGA § 17-10-7 (b) (2) provides that any person who is convicted of a "serious violent felony" and subsequently commits and is convicted of a second "serious violent felony" shall be sentenced to life imprisonment without parole. Aggravated child molestation is a "serious violent felony." OCGA § 17-10-6.1 (a) (5). Further, "a determination that a defendant should be sentenced to life imprisonment without possibility of parole does not require a consideration of mitigating factors." *Ortiz v. State*, 266 Ga. 752, 753 (2) (a) (470 SE2d 874) (1996). The record shows that Gosnell previously entered a plea of guilty to aggravated child molestation. Accordingly, the trial court correctly imposed a sentence of life imprisonment without parole.

2. We have reviewed Gosnell's remaining enumerations of error and find no merit in contentions that he was entitled to a response from the state to his motion or an oral hearing on his motion. Gos-

---

[1] Because he pled guilty to aggravated child molestation in 1989, Gosnell was sentenced as a recidivist pursuant to OCGA § 17-10-7.

[2] The trial court's order of October 31, 2002, relied on a presumption that the sentencing court had exercised its discretion. A trial court must exercise its discretion when sentencing under OCGA § 17-10-7 (a) in order to decide whether to probate or suspend some portion of the required maximum sentence. However, the sentence in this case was pursuant to OCGA § 17-10-7 (b). After the 1994 amendments to the statute and the state constitution, a sentencing court has no discretion when sentencing under subsection (b).

nell's enumerations of error being without merit, the judgment of the superior court must be affirmed.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 4, 2003.

Paul W. Gosnell, *pro se.*

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.