## S05A0985. HENRY v. THE STATE.
(619 SE2d 609)

CARLEY, Justice.

After a jury trial, Appellant Milton Henry was found guilty of the malice murder of Harvey Kent, Jr. and aggravated assault against Bernice Henry. The trial court entered judgments of conviction and sentenced Appellant to life imprisonment without parole for murder and a concurrent 20-year term for aggravated assault. Appellant's motion for new trial was denied, and he appeals.[1]

1. Construed in support of the verdicts, the evidence shows that Ms. Henry was Appellant's estranged wife and that she had developed a relationship with Kent. After leaving Ms. Henry's apartment and walking to Kent's apartment, Appellant angrily confronted Kent about his relationship with Ms. Henry, chased him, and fatally stabbed him three times in the chest. Upon returning to Ms. Henry's apartment, Appellant stabbed her in the head, nearly severing a portion of her ear. He subsequently bragged about his actions. Although Appellant testified that the victim had a knife and was the aggressor, the evidence was sufficient to enable a rational trier of fact to find that Appellant did not act in self-defense and that he was guilty beyond a reasonable doubt of malice murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Canada v. State*, 275 Ga. 131, 132 (1) (562 SE2d 508) (2002).

2. Appellant contends that the State failed to prove venue beyond a reasonable doubt. The evidence shows that the crimes occurred in an apartment complex located at 900 Conley Road, and that this section of Conley Road is in Fulton County.

> This is not a case where a crime scene was described but its location left unspecified, or where a street address alone was offered as proof of venue without reference to a city or county.

---

[1] The crimes occurred on May 25, 1997, and the grand jury indicted Henry on October 18, 1997. The jury returned the guilty verdicts on March 3, 1998, and Henry filed a motion for new trial prematurely on March 13, 1998. *Sparks v. State*, 277 Ga. 72, 73, fn. 1 (586 SE2d 645) (2003). The trial court entered the judgments of conviction and sentences on March 17, 1998. The motion for new trial was amended on December 1, 2003 and on June 2, 2004, and was denied on September 8, 2004. Henry filed a timely notice of appeal on September 16, 2004. *Sparks v. State*, supra. The case was docketed in this Court on March 3, 2005 and submitted for decision on April 25, 2005.

[Cits.] In this case, as shown above, the crime scene was identified as being an apartment complex at a particular address.

*Schofield v. State*, 261 Ga. App. 70, 71 (582 SE2d 11) (2003). "[T]estimony that a certain site is on a specific street and that the street is in a particular county is some proof that the site is in that county." *Robinson v. State*, 275 Ga. 143, 144 (2) (561 SE2d 823) (2002). Thus, "[t]estimony was given which supported the fact that the crime scene, and the specified address, was in Fulton County." *Schofield v. State*, supra. "The logical import of the . . . testimony here . . . is that the crime scene itself was in Fulton County." *Robinson v. State*, supra. Since Appellant has not offered any evidence to the contrary, we hold that the State met its burden of proving beyond a reasonable doubt that venue is properly in Fulton County. *Robinson v. State*, supra.

3. Appellant urges that his trial attorney rendered ineffective assistance in several respects. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To prevail on this claim under *Strickland*, Appellant must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004). In making this showing, Appellant must overcome the strong presumption that his lawyer's efforts fall within the broad range of reasonable professional conduct. *Silvers v. State*, supra. "We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. [Cit.]" *Silvers v. State*, supra.

Appellant complains that defense counsel failed to provide him with copies of all discovery material until the end of trial. At the hearing on the motion for new trial, Appellant's trial attorney testified that he worked with Appellant on the file and discussed the facts with him before and during trial. Counsel's actions were within the bounds of reasonable professional conduct. *Totten v. State*, 276 Ga. 199, 202 (4) (577 SE2d 272) (2003). Appellant's further complaint of an insufficient number of meetings for inadequate amounts of time " 'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)' [Cit.]" *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). See also *Morgan v. State*, 275 Ga. 222, 228 (10) (564 SE2d 192) (2002). Moreover, Appellant does not specifically describe how additional communications with his lawyer "would have changed the outcome of his trial. [Cit.]" *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

Appellant contends that trial counsel was ineffective in failing to visit the crime scene so that he could determine whether it was possible for a State's witness to have seen from her vantage point what she claimed. Counsel's testimony shows that, in light of the prosecutor's strong evidence and the absence of any indication that additional evidence would support the defense, he made a strategic decision not to visit the crime scene, but to attack the State's case and to support Appellant's self-defense testimony by using scientific evidence regarding the nature of the knife wounds. See *Boyd v. State*, 275 Ga. 772, 775 (3) (573 SE2d 52) (2002). Moreover, Appellant did not proffer any evidence that a visit to the crime scene would actually have been material to an effective presentation of self-defense. See *Silvers v. State*, supra at 47 (2) (b).

Appellant also complains of his trial attorney's failure to move for dismissal based upon the prosecutor's alleged failure to establish venue. As discussed above, however, the State did meet its burden of proving venue beyond a reasonable doubt. " 'Failure to make a meritless objection cannot be evidence of ineffective assistance.' [Cit.]" *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004). See also *Williams v. State*, 276 Ga. 384, 387 (5) (578 SE2d 858) (2003).

4. Appellant further contends that the prosecution withheld exculpatory evidence consisting of a statement given by Ms. Henry to Detective Carl Price, to the effect that the knife which was used in both incidents did not come from her apartment. However, the State does not concede that Ms. Henry ever made that particular statement, and Appellant does not cite any portion of the record as containing such a statement. See *Willis v. State*, 263 Ga. 597, 599 (3) (436 SE2d 204) (1993). "[T]here has consequently been no showing that the statement was in fact exculpatory to the appellant. It follows that no reversible error has been established." *Walden v. State*, 170 Ga. App. 880, 881 (2) (318 SE2d 676) (1984).

Moreover, during Ms. Henry's testimony at trial, the prosecutor showed her a statement given by her to Detective Price and, after he expressed the belief that defense counsel had a copy of that statement, a bench conference followed. The record contains no indication that Appellant's lawyer did not have a copy of the statement or that Ms. Henry ever gave any other statement to Detective Price. See *Willis v. State*, supra. " 'There is no "*Brady* violation where information sought becomes available to the accused at trial. (Cit.)" ' [Cit.]" *Davis v. State*, 266 Ga. 801, 802 (2) (471 SE2d 191) (1996).

5. Appellant also moved to suppress statements which he made to Detective Price, on the ground that they were not voluntary. After conducting a *Jackson-Denno* hearing, the trial court denied the motion. Appellant enumerates that ruling as error, but he relies solely upon his own testimony at the hearing, asserting that it was no

less credible than the detective's conflicting testimony. The trial court itself "was entitled to weigh the credibility of the witnesses and to believe the [detective] instead of [Appellant] and, thus, the trial court's finding that the statement[s] [were] voluntary is not clearly erroneous. [Cits.]" *Jackson v. State*, 267 Ga. 130, 132 (5) (b) (475 SE2d 637) (1996).

6. Although Appellant does not enumerate any error with respect to the sentences, we recognize that OCGA § 17-10-7 (b) authorized the trial court to impose life imprisonment without parole for the murder, so long as Appellant was previously convicted of a "serious violent felony" as defined in OCGA § 17-10-6.1 (a). See *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996) (upholding the constitutionality of OCGA § 17-10-7 (b)). At the sentencing hearing, the State introduced certified copies of the prior convictions for murder and armed robbery, both of which are serious violent felonies. OCGA § 17-10-6.1 (a) (1), (2); *Ortiz v. State*, supra. Compare *Dempsey v. State*, 279 Ga. 546, 549 (4) (615 SE2d 522) (2005) ("none of the prior offenses on which the recidivist sentencing was based is a serious violent felony as defined in OCGA § 17-10-6.1"); *Woodard v. State*, 278 Ga. 827, 828 (2) (607 SE2d 592) (2005); *Funderburk v. State*, 276 Ga. 554, 555 (2), fn. 2 (580 SE2d 234) (2003). "Accordingly, the trial court correctly imposed a sentence of life imprisonment without parole." *Gosnell v. State*, 262 Ga. App. 641, 642 (1) (586 SE2d 350) (2003). See also *Goings v. State*, 265 Ga. App. 296, 297 (2) (a) (593 SE2d 751) (2004).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.