A05A1736. GREGORY v. THE STATE.
(627 SE2d 79)

JOHNSON, Presiding Judge.

In a nine-count indictment, Gary Gregory was charged with vehicular homicide in the first degree, driving under the influence of alcohol, reckless driving, and failing to stop at a stop sign. He was tried before a jury, which found him guilty of all charges. The trial

---

judge ruled that seven counts of the indictment, not including the stop sign violation, merged into the first count of first degree vehicular homicide, which charged that Gregory caused the victim's death while driving under the influence of alcohol with a blood alcohol concentration of 0.08 grams or more. The court sentenced Gregory to serve ten years in confinement and five years on probation for the vehicular homicide, and also ordered him to serve a concurrent sentence of twelve months for the stop sign violation. Gregory appeals from his conviction.

1. Gregory claims that his conviction must be reversed because there is insufficient evidence that he was driving his car at the time of the collision in question. The claim is without merit.

> On appeal, we view the evidence in the light most favorable to the jury's verdict, and the [appellant] no longer enjoys the presumption of innocence. This Court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient for a rational trier of fact to find [appellant] guilty of the charged offense beyond a reasonable doubt.[1]

Viewed in favor of the verdict, the evidence shows that around 8:00 p.m. on Monday, January 13, 2003, 51-year-old Gregory and his landlady, 85-year-old Melba Bramblett, who had an expired driver's license and had not driven for several years, were traveling east in Gregory's car on Spot Road in Forsyth County. At the road's intersection with Highway 9, Gregory's car, a cream-colored 1963 Mercedes sedan, was driven through a stop sign without yielding.

Doug Mayberry, who was driving a red 1990 Toyota Camry north on Highway 9 at approximately 55 miles per hour, slammed on his brakes when he saw the Mercedes run through the stop sign. The front end of the Toyota hit the front passenger door of the Mercedes and both cars began spinning. The cars eventually came to rest in the parking lot of a fuel company.

Mayberry got out of his car and found Gregory still in the Mercedes, with his back against the front passenger door and his feet pointing toward the driver's door. Mayberry smelled alcohol on Gregory and believed that he was drunk. Mayberry and witnesses to the collision then discovered that Bramblett had been ejected from Gregory's car and was lying against a building about 20 to 30 feet from the Mercedes. One witness called 911, after which law enforcement officers and emergency medical personnel soon arrived at the

---

[1] (Citations omitted.) *Hunt v. State*, 261 Ga. App. 417, 417-418 (1) (582 SE2d 493) (2003).

collision scene. Bramblett was taken by air rescue to a hospital, where she later died of the injuries sustained in the wreck.

At the scene of the incident, Sergeant Dan Thomas of the Forsyth County Sheriff's Office spoke with Gregory, who stated that he had been driving his Mercedes. A short time later, Forsyth Sheriff's Corporal Beth Wessinger began gathering license and vehicle information from those involved in the collision. She too spoke with Gregory, and he again identified himself as the driver of the Mercedes. Investigators also found blood on the passenger door of the Mercedes that, according to DNA analysis, matched Bramblett's blood.

Gregory was taken by ambulance from the collision scene to a hospital. At the hospital he consented to blood tests, which later revealed that he had a blood alcohol content of 0.149 grams. The state also discovered that Gregory had a prior conviction for driving under the influence of alcohol, and during that prior incident he almost hit another vehicle when he crossed the centerline of a highway.

Gregory was the lone defense witness. He testified that although he knew that Bramblett's license had expired, he occasionally let her drive his car. On the night of the crash, he claimed that he had driven with Bramblett to a liquor store, where he bought a bottle of bourbon, a six-pack of Coca-Cola and cigarettes. Back in the car, he mixed drinks of Coca-Cola and bourbon for both himself and Bramblett. As they drank, Gregory drove the car away from the store. But a short time later he stopped to let Bramblett drive, and she was driving the car at the time of the collision.

In rebuttal, the state presented a sheriff's investigator and a magistrate court judge. The investigator testified that Gregory had told him that he had been driving his car. The judge testified that she had presided over Gregory's first court appearance at which he said that he had been driving and that he had not seen the stop sign or the other car.

Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence from which a rational trier of fact could conclude that Gregory was the driver at the time of the collision.[2] Because there is sufficient evidence to support the jury's verdict, Gregory's conviction for vehicular homicide in the first degree and a stop sign violation shall not be reversed.[3]

---

[2] See id. at 418.
[3] See id.

2. Gregory argues that the trial court erred in allowing the state's two rebuttal witnesses to testify about previously excluded statements made by Gregory without determining the voluntariness of those statements. We find no reversible error.

First, we note that Gregory did not raise this precise argument in an objection, or ask for a voluntariness determination, at the time the state offered the rebuttal witnesses. While he did object to the rebuttal testimony, he simply objected based on prior rulings by the court without specifying those rulings. Nevertheless, it appears from his appellate brief that he was referring to the court's rulings excluding the statements from the state's case-in-chief based on findings that Gregory had not been informed of his rights to remain silent and to an attorney before making the incriminating statements.

Second, even though the trial court had ruled that such testimony was inadmissible in the state's case-in-chief, once Gregory testified that he had not been the driver, the state was authorized to use his prior voluntary statements for impeachment purposes.[4] Gregory has made no showing that the statements were not voluntary. On the contrary, the magistrate court judge testified on rebuttal that Gregory spontaneously and voluntarily made the incriminating statements at the first hearing over which she had presided, and the investigator testified that several times Gregory indicated he had been the driver. The investigator further testified that before giving a taped statement Gregory was informed of his rights and signed a form waiving them.

Finally, even if the trial court erred in allowing the rebuttal testimony without first determining the voluntariness of the statements, we find that any error was harmless.[5] Given the overwhelming strength of the state's case — the facts that immediately after the collision Gregory told two different law enforcement officers that he had been driving the car, that the 85-year-old Bramblett did not have a valid driver's license and had not driven for several years, that Bramblett's blood was found on the passenger door, and that Gregory has a prior similar DUI offense — it is highly probable that any error in allowing the rebuttal testimony did not contribute to the verdict.[6]

3. In three separate enumerations of error, Gregory contends that the trial court erred in failing to give a limiting jury instruction on the rebuttal testimony, in allowing a detective to testify to the ultimate issue in the case by giving his opinion that Gregory was the

---

[4] See *Dyer v. State*, 278 Ga. 656, 658 (3) (604 SE2d 756) (2004); *Linares v. State*, 266 Ga. 812, 813 (2) (471 SE2d 208) (1996).

[5] See *Linares*, supra (Supreme Court has applied harmless error analysis to the admission of involuntary confessions).

[6] See *Richardson v. State*, 265 Ga. App. 711, 716 (1) (595 SE2d 565) (2004).

driver, and in permitting the state to introduce into evidence a certified copy of Gregory's prior DUI conviction that included his sentence for that crime. But as Gregory acknowledges in his appellate brief, his trial counsel did not preserve these issues for appellate review by properly raising them in the trial court.[7] Thus, he has waived any alleged error on appeal.[8]

4. Gregory asserts that the trial court erred in failing to give his requested jury charge that "to warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused."[9] The state concedes that even though the judge indicated at the charge conference that he would give the requested charge, he neglected to do so during the final jury instructions.

The Supreme Court of our state has established that a trial court is required to give this charge request if the state has introduced circumstantial evidence. "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request."[10] In the instant case, since the state introduced both direct and circumstantial evidence and Gregory requested a charge on the law of circumstantial evidence, the trial court erred in failing to give such a charge.[11]

However, failure to give the charge may be deemed harmless when the evidence of guilt is overwhelming.[12] As recited above in Division 2, the evidence of Gregory's guilt is overwhelming. Given his admissions to law enforcement officers that he was driving, the fact that Bramblett had an expired driver's license and had not driven for years, the presence of Bramblett's blood on the passenger door of Gregory's car, the uncontradicted scientific evidence that Gregory had a blood alcohol level well beyond the legal limit, and his prior similar DUI offense, we conclude that the omission of the requested jury charge was harmless error.[13]

5. Gregory contends that his trial counsel was ineffective. This issue was not raised in Gregory's motion for a new trial, which was filed and argued by the same attorney who represented Gregory

---

[7] See *Swain v. State*, 268 Ga. App. 135, 137 (1) (601 SE2d 491) (2004); *Harris v. State*, 257 Ga. App. 42, 45 (3) (570 SE2d 353) (2002); *Shelton v. State*, 236 Ga. App. 611, 612 (2) (512 SE2d 17) (1999).

[8] *Harris*, supra.

[9] This principle is codified at OCGA § 24-4-6.

[10] *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994).

[11] See *Burks v. State*, 246 Ga. App. 22, 25 (2) (538 SE2d 769) (2000).

[12] Id.

[13] See id. at 25-26; *Newsome v. State*, 217 Ga. App. 379, 381 (457 SE2d 232) (1995).

throughout the trial. The trial court denied that motion for a new trial on April 1, 2005. Ten days later, new counsel was appointed to represent Gregory on appeal. Appellate counsel has raised the issue of ineffective assistance of counsel for the first time in this appeal.

"The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available."[14] The failure to seize that opportunity is a bar to raising the issue at a later time.[15] In the instant case, appellate counsel did not have that opportunity because he did not participate in Gregory's motion, and he could not have amended the motion since he was not appointed until after the trial court had ruled on it.[16] Under these circumstances, the ineffective assistance of counsel claim has been raised at the earliest practicable moment in this appeal.[17]

> If an appellant raises on appeal the issue of ineffectiveness of his original trial counsel, and appellant did not have the opportunity to raise such issue in the trial court, we will ordinarily remand the case to the lower court for resolution of such issue, with the right in the appellant to appeal the ruling.[18]

Because Gregory has raised numerous issues in his ineffective assistance claim which cannot be resolved by the present record, we remand the case to the trial court for a hearing on that claim only.[19]

*Judgment affirmed and case remanded with direction. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2006 —
RECONSIDERATION DENIED FEBRUARY 20, 2006 — 

*Lee W. Fitzpatrick*, for appellant.

---

[14] (Citation, punctuation and emphasis omitted.) *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).

[15] *Haggard v. State*, 273 Ga. App. 295, 295-296 (614 SE2d 903) (2005).

[16] Id.

[17] Id.

[18] (Citation omitted.) *Holland*, supra.

[19] *Gordon v. State*, 244 Ga. App. 265, 267-268 (3) (535 SE2d 289) (2000).

*Penny A. Penn, District Attorney, John A. Warr, Assistant District Attorney,* for appellee.