## A09A0595. GREGORY v. THE STATE.
(676 SE2d 856)

ANDREWS, Presiding Judge.

Gary Gregory appeals from the trial court's finding that he did not receive ineffective assistance of counsel during his trial. A jury found Gregory guilty of four counts of homicide by vehicle, two counts of driving under the influence, two counts of reckless driving, and one count of running a stop sign. Gregory appealed and this Court affirmed the verdict. See *Gregory v. State*, 277 Ga. App. 664

---

(627 SE2d 79) (2006). We remanded the case, however, for a hearing on Gregory's claim of ineffective assistance of counsel. Id. at 669. The hearing was held and the trial court denied Gregory's motion for new trial on that ground. For the following reasons, we affirm.

The evidence at trial was that Gregory ran through a stop sign, hitting another car and killing the passenger who was riding in the front seat of his car. *Gregory*, supra at 665. After Gregory was taken to a hospital, tests showed that he had a blood alcohol content of 0.149 grams. Id. at 666. Gregory was the sole defense witness and he testified that it was really his passenger who had been driving the car. Id. In rebuttal, the State introduced evidence that Gregory had stated several times after the accident that he was driving the car. Id.

In this appeal, Gregory raises several instances in which he claims that counsel was ineffective at trial. "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra. Further, Gregory must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69-70 (8) (410 SE2d 173) (1991). A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

1. First, Gregory argues that trial counsel was ineffective for failing to request limiting instructions on certain rebuttal evidence introduced by the State. After Gregory testified that it was his passenger who was driving the car, the State introduced testimony from several witnesses who stated that Gregory told them after the accident that he had been driving, including a magistrate court judge who testified that Gregory stated at his first court appearance that he had been driving and had not seen the stop sign or the other car. *Gregory*, supra at 666.

*Davis v. State*, 260 Ga. 338 (393 SE2d 260) (1990), cited by Gregory as authority for his claim that a limiting instruction was necessary, is not on point and does not concern prior inconsistent statements made by the defendant. Likewise, *Colbert v. State*, 124 Ga. App. 283 (183 SE2d 476) (1971), and *Alexander v. State*, 138 Ga. App. 618 (226 SE2d 807) (1976), are not on point because both involve the admissibility for impeachment purposes of a confession obtained after a defendant invoked his right to a lawyer and his right to remain silent.

In fact, the law is to the contrary. In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), the Supreme Court held that although

> [h]eretofore, the use of prior inconsistent statements in Georgia has been restricted to impeachment, except in cases where they come under some other exception to the hearsay rule[, henceforth] . . . a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes.

Id.

It follows that if Gregory was not entitled to a limiting instruction on the testimony, counsel cannot be ineffective in failing to request it. Likewise, Gregory's claim that counsel was ineffective for failing to object to the State's closing argument to the jury telling them that they could consider this testimony as substantive evidence also fails.

2. Gregory argues that counsel was ineffective in failing to notice that the sentencing sheet was included in the documents that were introduced in support of the similar transaction evidence. Gregory cites *Groble v. State*, 192 Ga. App. 260 (384 SE2d 281) (1989), which states:

> We share appellant's concern here that the sentence in a prior offense does not show motive, intent, scheme, and bent of mind; however, appellant must show not only error but harm. While the better method would be not to admit the sentence in a prior offense where a similar transaction is involved, in the case sub judice it is "highly probable" that the admission of the sentence did not contribute to the verdict.

Id. at 260-261.

We also conclude that any error involved in allowing the sentencing sheet to go out with the jury was harmless. As this Court held in the first appeal of this case, "the evidence of Gregory's guilt is overwhelming." *Gregory*, supra at 668. Accordingly, we conclude that there is no reasonable probability that the jury would have reached a different verdict absent this instance of claimed ineffectiveness. *Strickland*, supra.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 31, 2009.

*Lee W. Fitzpatrick*, for appellant.
*Penny A. Penn, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.