A01A2335. STROZIER v. THE STATE.
(562 SE2d 832)

BLACKBURN, Chief Judge.

Cynthia Strozier appeals her conviction for aggravated assault, contending that the evidence was insufficient, a mistrial should have been granted, the jury should have been charged on reckless conduct as a lesser included offense, and the trial court should not have given a charge on presumption of truthfulness. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that, in the early morning hours of August 1, 1993, Strozier, during a confrontation with two other women, fired several shots, wounding both. During that confrontation, Strozier stated, "I'll kill both of you."

> We evaluate [Strozier's] challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*,[1] construing the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine the credibility of the witnesses. *As long as some competent evidence,*

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*even though contradicted, supports each element of the State's case, we must affirm the judgment on the jury's verdict.*

(Emphasis supplied.) *Dunn v. State.*[2]

1. Strozier's first claim is that the evidence was insufficient to convict her of aggravated assault. The elements of that offense, as charged in the indictment here, are an assault with a deadly weapon. OCGA § 16-5-21 (a) (2). Assault, in turn, so far as relevant here, is "[a]ttempt[ing] to commit a violent injury to the person of another." OCGA § 16-5-20 (a) (1). Strozier contends that, because she was shooting only at the ground, she was not attempting to commit a violent injury to either woman. But, as we noted in *McKibbons v. State,*[3]

criminal intention is a jury question, and a jury's finding on that issue will not be disturbed on appeal unless contrary to the evidence and clearly erroneous. Criminal intent rarely can be proved by direct evidence, but its existence may be inferred by the trier of fact upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Additionally, a presumption exists that persons of sound mind and discretion intend the natural and probable consequences of their acts.

(Citations and punctuation omitted.) Id. Based on the evidence, the jury's determination that Strozier intended to assault the other women is not clearly erroneous, and the evidence was sufficient to support the verdict.

2. Strozier next contends that the trial court should have granted her motion for mistrial after one of the women, in answer to a question on cross-examination by defense counsel — "[w]hat was going on when you got over there?" — replied, "[w]hen I got over there . . . Cynthia Strozier said . . . I have killed before." Defense counsel, out of the presence of the jury, moved for a mistrial on the basis that the witness' testimony placed Strozier's character into evidence. In response, the prosecutor pointed to the fact that the witness had given the same testimony, with no objection or motion, on direct. "A mistrial motion not made at the time the testimony

---

[2] *Dunn v. State*, 248 Ga. App. 223, 224 (546 SE2d 27) (2001).
[3] *McKibbons v. State*, 226 Ga. App. 452, 453 (1) (486 SE2d 679) (1997).

objected to is given is not timely." *Altman v. State.*[4] Accordingly, this point is waived. *Anderson v. State.*[5]

3. Strozier argues that the trial court should have charged the jury on reckless conduct as a lesser included offense, even though, as she admits, she made no request for such a charge. In particular, she relies on the doctrine that "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." *Tarvestad v. State.*[6] Here, there is no indication in the record that Strozier made even an *oral* request. "Having presented some evidence on his sole defense, he was entitled to the jury instruction that he orally requested." Id. Even assuming, however, that a lesser included offense charge is a "defense" for these purposes, *Rogers v. State*[7] ("[a]ssuming, without deciding, that a lesser included offense is a 'sole defense' as used in *Tarvestad*"), Strozier requested and received jury charges on justification, self-defense, and no duty to retreat. Accordingly, not only was the lesser included offense of reckless conduct not her *sole* defense, it was not one of her defenses at all. And, as the Court in the case on which she relies stated, "[a] trial court . . . need not specifically charge on an affirmative defense when the entire charge fairly presents the issues, including the defendant's theory, to the jury." *Tarvestad*, supra at 606. We thus find no error in the trial court's failure, sua sponte, to give a lesser included offense instruction on reckless conduct.

4. Finally, Strozier argues that the trial court committed reversible error in instructing the jury that "if upon consideration of the evidence in the case if [sic] you find that there is a conflict in the testimony of the witnesses or a conflict between a witness or witnesses, it would be your duty to reconcile this conflict if you can so as not to attribute a false statement to any witness sworn." As Strozier acknowledges, however, "the courts have failed to find that such a charge is reversible error." This statement is borne out in *Kennedy v. State*:[8] "Ms. Kennedy's contention that [the quoted] charge is erroneous because it contains the 'presumption-of-truthfulness' charge that we disapproved in *Noggle v. State*[9] has recently been decided adversely to her. [*Mallory v. State*.][10] Accordingly, this enumeration is without merit." Id. Accordingly, as in *Kennedy*, we find this claim to be without merit.

[4] *Altman v. State*, 229 Ga. App. 769, 770 (3) (495 SE2d 106) (1997).
[5] *Anderson v. State*, 199 Ga. App. 559, 560 (2) (405 SE2d 558) (1991).
[6] *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).
[7] *Rogers v. State*, 247 Ga. App. 219, 222 (4) (543 SE2d 81) (2000).
[8] *Kennedy v. State*, 274 Ga. 396, 398 (6) (554 SE2d 178) (2001).
[9] *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986).
[10] *Mallory v. State*, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 27, 2002.

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.