A03A0353. BROWN v. THE STATE.
(578 SE2d 516)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of theft by taking a motor vehicle, five counts of obstruction of an officer, and numerous motor vehicle and traffic violations, Dallas Lee Brown appeals, arguing that the

evidence was insufficient to support his convictions. Finding the evidence sufficient, we affirm.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State.*[1]

Viewing the facts in a light most favorable to the verdict, the evidence shows that on December 1, 2000, William Benton drove his red 1997 Ford F-150 pickup truck to a friend's house and left it in his friend's yard, unlocked and with the keys in the ignition, while he and his friend went Christmas shopping. When Benton returned that afternoon, his truck was missing.

On that same day, Reneshia Presha borrowed the car of her mother-in-law, Patricia Smith, and went driving with her sister. She was involved in an accident with a red truck and identified Brown, whom she recognized from their having grown up in the same neighborhood, as the driver. The car Presha was driving was a total loss, while the red truck driven by Brown sustained damage to the front bumper and grille. Presha told Brown that she intended to call the police, but Brown asked her not to make the call. When Presha returned from making the call, both Brown and the red truck were gone. Police and an ambulance arrived shortly thereafter, and Presha was taken to the hospital because of injuries to her back and neck. This evidence was sufficient to support Brown's convictions on Count 3 (failure to stop at the scene of an accident) and Count 4 (failure to report an accident with injury).

Patricia Smith, Presha's mother-in-law, testified that she confronted Brown on the day after the accident. She told him that it was her car which Brown had hit and asked for proof of insurance so that she could contact her insurance company. Brown told her that the red truck belonged to his uncle and that he would bring her proof of insurance the next day. Brown never contacted her.

Officer Teresa Bentley investigated the accident in which Presha was involved. She testified that both Presha and her sister had iden-

---

[1] *Moore v. State,* 254 Ga. App. 134 (561 SE2d 454) (2002).

tified Brown as the driver of the red Ford truck and told her that they knew him because they had grown up in the neighborhood with him.

During the course of Officer Bentley's testimony, the State introduced into evidence documents establishing that Brown's driver's license had been suspended and that he had been served with notice of the suspension on August 15, 1996, and November 21, 1996. This evidence was sufficient to support his conviction on Count 2 (driving with a suspended license on December 1, 2000).

Officer John Smith testified that on December 2, 2000, he saw a red Ford F-150 truck while on patrol. Knowing that a truck fitting that description had been reported stolen, he backed up to see who was driving. He positively identified Brown as the driver of the truck. When the truck drove off, Smith gave chase in his marked car, activating both his blue lights and his siren. Brown sped through a residential neighborhood with a posted speed limit of 30 mph, reaching speeds of approximately 60 to 65 mph, ignoring stop signs at three intersections, and paying no attention to the safety of pedestrians. Because of police safety rules governing high speed pursuits, Smith fell off the chase. He continued, however, to attempt to follow Brown, and ten minutes later he found the Ford F-150 truck behind a vacant house. The truck had damage to the front bumper and grille. Benton was called to the scene, and he identified the truck as his.

The testimony of Officer Smith provided evidence sufficient to support Brown's convictions on Count 5 (obstruction of an officer by fleeing), Count 6 (attempting to elude an officer), Count 7 (reckless driving), Counts 8, 9, and 10 (failure to obey traffic control signs), and Count 11 (driving with revoked license on December 2, 2000). In addition, this testimony, along with the previous testimony of Benton, Patricia Smith, Presha, and Officer Bentley, provided evidence sufficient to support Brown's conviction on Count 1 (theft by taking motor vehicle).

The testimony of Officer Bentley and Deputy Buddy Rhoden showed that, early on December 5, 2000, Bentley, while on patrol, passed a convenience store and saw Brown with beer and cartons of cigarettes in his hands. She reported in and asked for backup.

When Bentley stopped and got out of her patrol car, Brown dropped the beer and cigarettes and ran. Deputy Rhoden, who had responded to Bentley's call, saw Brown run across the street; he jumped from his car and gave chase. Brown attempted to climb a wall, but Rhoden grabbed him from behind and pulled him down. At this point, a struggle began, with Brown swinging and landing blows on Rhoden. Rhoden fell backward, but brought Brown to the ground with him.

Rhoden, whose knee and chest had been injured, turned Brown over to two other officers who had just arrived, but as he did so,

Brown pushed the other officers back and broke free from their grasp. He knocked down Bentley as he turned to run and escaped.

This evidence was sufficient to support Brown's conviction on Count 13 (obstructing Officer Rhoden through violence to his person).

Officers Kevin Lee and David Melton testified that on January 12, 2001, they saw Brown as they pulled into a service station. Brown was getting into a car but ran when he saw the officers. The officers, aware of the warrants out on Brown, identified themselves as police and yelled for him to stop, but Brown continued to run. Melton pursued him on foot, while Lee and another officer pursued in the patrol car. When the three officers finally caught Brown, Brown fought them and resisted their efforts to handcuff him. Going to the ground, he held his right hand under his body so that the officers, who feared he had a weapon, could not tell what he was holding or get a grip on his hand. After ten to fifteen minutes of struggling with Brown, the officers finally got handcuffs on both of Brown's hands. Even after he was handcuffed, Brown refused to surrender and get up, and he had to be picked up and carried to the patrol unit.

The testimony of Officers Lee and Melton provided sufficient evidence to support Brown's convictions on Count 14 (obstructing Officer Melton by offering to do violence to his person), Count 15 (obstructing Officer Melton by fleeing), Count 16 (obstructing Officer Lee by fleeing), and Count 17 (obstructing Officer Lee by offering to do violence to his person).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 24, 2003.

*Ronald L. Beckstrom*, for appellant.
*J. David Miller, District Attorney, Robert D. Jewell, James L. Prine II, Assistant District Attorneys*, for appellee.