## S03A1702. SMITH v. THE STATE.
(591 SE2d 805)

HUNSTEIN, Justice.

Garrick Smith was convicted of malice murder, felony murder and two counts of aggravated assault, arising out of the shooting death of Anthony Barther and the shooting of Daniel Hudson. He appeals from the denial of his motion for new trial on the ground that the trial court committed reversible error in allowing the State to present evidence of his escape from custody while awaiting trial. We disagree and affirm.[1]

1. Construed to support the verdict, the evidence at trial showed that Smith shot Anthony Barther in the arm during an altercation in a parking lot on June 2, 1997 and that he also shot Daniel Hudson in the head. Although Hudson survived the gunshot wound to his head, Barther did not survive the bullet that entered his arm, traveled through his left lung, and pierced his aorta. Numerous witnesses testified that they observed Smith, the only individual at the scene that had a gun, fire at the victims. After he was apprehended Smith admitted to the police that he shot the victims. We find this evidence sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith contends that the trial court erred by admitting evidence of his escape from police custody three months after his arrest. In pretrial motions, the State moved to introduce evidence that Smith had escaped from jail while awaiting trial. In cases tried after January 10, 1991 the ability of the court to give a jury instruction on flight has been abolished. See *Renner v. State*, 260 Ga. 515 (3) (b) (397 SE2d 683) (1990). However, the ability of the State "to offer evidence of flight while a defendant is awaiting trial and argue that it demonstrates consciousness of guilt [cits.]," remains intact. *Turner v. State*, 237 Ga. App. 642, 644 (3) (516 SE2d 343) (1999). Accordingly, it was not error for the trial court to allow the State to introduce evidence of Smith's escape from custody to serve as circumstantial evidence of his guilt, where the trial court did not charge the jury on flight. See also *Allen v. State*, 243 Ga. App. 730 (3) (534 SE2d 190) (2000).

---

[1] The crimes occurred on June 2, 1997. Smith was indicted July 28, 1997 in Worth County. He was found guilty on April 1, 1998 and sentenced that same day to life imprisonment on the malice murder conviction and a consecutive twenty-year sentence for aggravated assault. The felony murder conviction was vacated by operation of law and the remaining aggravated assault conviction merged as a matter of fact into the malice murder conviction. See *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Smith filed a motion for new trial on April 30, 1998. After a hearing, the trial court denied the motion in an order filed on July 9, 2003. Smith filed a notice of appeal on July 22, 2003, which was docketed in this Court on August 4, 2003 and submitted for decision on the briefs.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Melinda I. Ryals*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.