A06A0090. DOUBLETTE v. THE STATE.
(629 SE2d 602)

BERNES, Judge.

Following a jury trial, Arthur Doublette was convicted of hijacking a motor vehicle, possession of a firearm during the commission of a felony, armed robbery, and aggravated assault with a deadly weapon. On appeal, Doublette (1) contends the trial court erred in denying his motion to suppress identification testimony, and (2) challenges the sufficiency of the State's evidence to support his convictions. For the reasons that follow, we affirm.

We view the evidence on appeal from a criminal conviction in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002). We do not weigh the evidence or determine witness credibility, but determine only whether the evidence is sufficient to sustain the conviction. Id.

So viewed, the evidence adduced at trial shows that on August 6, 2002, at approximately 8:00 a.m., the victim had returned home from work when, just as she was preparing to exit her vehicle, a man with a gun approached her. The man pointed an "old rusty-looking gun" directly into the side of her face and demanded that she "move over." After she refused, the gunman ordered her out of the vehicle and demanded her keys and purse. Once the victim complied, the gunman fled in her car.

The victim immediately called the police and subsequently gave a general description of her car and the perpetrator to the responding officer. The next day, she gave a written statement to the police in which she described her assailant as an African-American male in his late teens or early twenties, approximately five feet, five or six inches tall, weighing 150 to 160 pounds, with an unruly afro hairstyle. She also described the old, rusted revolver the perpetrator had used. Later that week, she met with a sketch artist who composed a sketch of the perpetrator based upon the victim's description.

On August 23, 2002, a police officer observed Doublette driving the victim's car at a high rate of speed. When the officer attempted to pull Doublette over, he accelerated away from the officer, but after driving a few blocks, stopped the car and fled on foot. The officer pursued Doublette and arrested him in the backyard of a nearby house. Doublette was carrying six rounds of .32 caliber ammunition. An old, rusted, .32 caliber revolver was found by the arresting officer under the front seat of the victim's car. At trial, the victim identified the revolver as the one used during the hijacking and robbery and Doublette admitted that the revolver belonged to him. Doublette's girlfriend also testified that Doublette had been driving the victim's car for about two to three weeks prior to his arrest.

On August 27, 2002, the investigating detective showed the victim a photographic lineup containing Doublette's photograph. The victim failed to pick out Doublette, but did select the photograph of an individual bearing a striking resemblance to Doublette. The detective did not tell the victim whether she had selected the "correct" person. Instead, he requested that she meet him at the courthouse a few days later. Without telling her that Doublette was at the courthouse for his preliminary hearing, the detective asked the victim to see if she recognized her assailant in the courtroom. She readily identified Doublette as the man who had robbed her and hijacked her car. The victim again identified Doublette as the perpetrator during her testimony at trial.

1. Doublette argues that the trial court erred in denying his motion to suppress the victim's pretrial identification of him at the preliminary hearing. He contends the identification procedure was

impermissibly suggestive, tainted the victim's subsequent in-court identification and warrants the grant of a new trial. We disagree.

> In considering whether a pretrial [identification procedure] must be excluded, a court must first determine whether the procedure used was impermissibly suggestive. If so, the court must then decide whether, given the totality of circumstances, there was a substantial likelihood of misidentification.

(Citation omitted.) *Holbrook v. State*, 209 Ga. App. 301, 302 (1) (433 SE2d 616) (1993).

The trial court in this case did not err in finding that the identification procedure was not impermissibly suggestive because it did not "lead[ ] the [victim] to an all but inevitable identification of the defendant as the perpetrator." (Citation and punctuation omitted.) *Heng v. State*, 251 Ga. App. 274, 277 (2) (554 SE2d 243) (2001). Significantly, the detective did not tell the victim that the suspect was going to be in the courtroom on the day in question. Before allowing the witness to look into the courtroom, the detective looked into the courtroom to make sure that Doublette "did not stand out": (1) there was a "multitude" of persons in the courtroom; (2) several other African-American males were in the courtroom and in the immediate vicinity of Doublette; (3) all of the men in the courtroom, including Doublette, were dressed in casual clothing rather than prison attire; (4) none of the men, including Doublette, were visibly handcuffed; and (5) Doublette was not otherwise remarkable with respect to how or where he was sitting.[1] We agree with the trial court that this identification procedure was not impermissibly suggestive. Compare *Lowe v. State*, 136 Ga. App. 631, 633 (1) (222 SE2d 50) (1975) (holding that the victim's successful identification of the defendant in court at the preliminary hearing was not unduly suggestive and did not taint her subsequent identification of him at trial, even after she failed to identify him from a photographic lineup) with *Bradley v. State*, 148 Ga. App. 722, 723 (2) (252 SE2d 648) (1979) (holding that the identification procedure was unnecessarily suggestive when the victim was asked to identify the suspect as he was being led, alone and handcuffed, into the courtroom).

Even assuming that the identification procedure was impermissibly suggestive, the evidence further supports the trial court's determination that, based on the totality of the circumstances, the

---

[1] Doublette's argument that he stood out in the courtroom because his hair was in braids is based upon the incorrect assertion that the victim initially described her attacker as having braids. The victim had actually described the assailant as having an afro hairstyle.

identification procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Smith v. State*, 209 Ga. App. 540, 543 (4) (433 SE2d 694) (1993). In evaluating the likelihood of misidentification, a trial court should consider:

> (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the accused; (4) the witness's level of certainty at the confrontation with the accused; and (5) the length of time between the crime and the confrontation.

(Citation omitted.) *Heng*, 251 Ga. App. at 277 (2). In short, a witness's in-court identification is admissible if it has an independent origin. *Smith*, 209 Ga. App. at 543 (4); *Greeson v. State*, 253 Ga. App. 161, 164 (2) (558 SE2d 749) (2002).

The witness in the instant case testified that she had a good opportunity to view her assailant at the time of the crime and that she was one hundred percent certain that it was Doublette. It was 8:00 in the morning, he stood directly in front of her and had her full attention, and his face was not concealed or disguised in any way. She gave the responding officer a general description of her perpetrator immediately following the incident, a more detailed description of him the following day, and met with a sketch artist the same week. Only three weeks passed before she identified Doublette at the preliminary hearing.

The trial court evaluated these factors and determined that the witness's identification of Doublette had an independent basis. The evidence was more than sufficient to support the court's ruling. *In the Interest of L. J. P.*, 258 Ga. App. 762, 766 (2) (b) (574 SE2d 839) (2002) ("[T]he trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence.") (citation and punctuation omitted). Where evidence supports the trial court's ruling, we will not disturb that ruling. Id.

2. Doublette further contends that, in light of the improper identification evidence, the evidence presented at trial is insufficient to support his convictions for hijacking a motor vehicle, possession of a firearm during the commission of a felony, armed robbery, and aggravated assault with a deadly weapon. We disagree. As we held in Division 1, the evidence identifying Doublette as the perpetrator of the crimes charged was properly admitted. This evidence, coupled with evidence of Doublette's flight from police, his possession of the stolen car, and his possession of the revolver used in the crimes, was sufficient to enable any rational trier of fact to find Doublette guilty

of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roberts v. State*, 277 Ga. App. 730 (627 SE2d 446) (2006); OCGA §§ 16-5-21 (a) (2); 16-5-44.1 (b); 16-8-41 (a); 16-11-106 (b).

However, Doublette's conviction and sentence on Count 4, aggravated assault with a deadly weapon, merges as a matter of fact into his conviction and sentence on Count 3, armed robbery. *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002); *Hambrick v. State*, 256 Ga. 148, 150-151 (4) (344 SE2d 639) (1986); *Joncamlae v. State*, 257 Ga. App. 459, 460-461 (1) (b) (571 SE2d 461) (2002). We therefore remand this case to the trial court with direction that it vacate Doublette's conviction and sentence for aggravated assault with a deadly weapon.

*Judgment affirmed in part and case remanded in part with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 12, 2006.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.