## S11A0939. DeLEON v. THE STATE.

(716 SE2d 173)

BENHAM, Justice.

On April 7, 2006, Appellant Yonlenon DeLeon fatally shot the victim Servando-Duron Nieto and wounded Almanida Murilla in a restaurant in Winder, Georgia (Barrow County).[1] The evidence at trial showed that a week prior to the shooting, the victim and appellant's best friend had a physical altercation and appellant's friend confided to appellant that he wanted appellant's help in obtaining revenge against Nieto. Appellant admitted that, on the night of the shooting, he went to the restaurant with a loaded gun. Witnesses saw appellant shoot at the victim and then flee the restaurant. The victim, who was unarmed, was shot four times and died from his gunshot wounds, including a wound from a bullet that pierced his lung and aorta. An uninvolved restaurant patron Almanida Murilla was also wounded by the bullets shot by appellant, but she survived her injuries. Appellant confided to his employer and to his fiancée that he shot someone using a gun owned by the employer. Appellant's employer testified that appellant told him that he had thrown the gun away. Appellant then fled the country, but was arrested upon his return to Georgia on July 22, 2006.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, reckless conduct, aggravated battery, tampering with evidence, and possession of a firearm. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Appellant argues that the evidence was insufficient to convict him of felony tampering with evidence. We conclude that the evidence was sufficient to convict appellant of tampering with evidence, but that the trial court erred when it sentenced appellant

---

[1] On August 8, 2006, a Barrow County grand jury indicted appellant for malice murder, felony murder, two counts of aggravated assault, two counts of aggravated battery, tampering with evidence, and two counts of possession of a firearm during the commission of a crime. Appellant was tried before a jury from November 6, 2006, to November 8, 2006. The jury acquitted appellant of malice murder and one count of possession of a firearm during a crime and found him guilty of felony murder (aggravated assault), aggravated battery, reckless conduct (lesser included offense of aggravated assault), tampering with evidence, and possession of a firearm during the commission of a crime. On November 8, 2006, the trial court sentenced appellant to life for felony murder, 12 months concurrent for reckless conduct, and, to be served consecutively: ten years for aggravated battery, five years for possession of a firearm, and a five-year probated sentence for tampering with evidence. Appellant moved for a new trial on December 4, 2006, and last amended the motion on June 18, 2010. The trial court denied the motion on December 9, 2010. Appellant filed his notice of appeal on December 20, 2010. The case was docketed to the April 2011 term of this Court for a decision to be made based on the briefs.

for felony tampering with evidence. Inasmuch as the evidence showed appellant threw the murder weapon away thereby tampering with evidence in his own case and not that of another, he could not be convicted of a felony, but only convicted of a misdemeanor. *White v. State*, 287 Ga. 713 (1) (d) (699 SE2d 291) (2010). Accordingly, it was erroneous for the trial court to impose a five-year probated sentence for the tampering with evidence conviction. The sentence for felony tampering with evidence is vacated, and the case is remanded for resentencing consistent with this opinion.

2. Two witnesses for the defense testified that, on the night of the shooting and prior to appellant's arrival at the restaurant, Nieto was drinking and making threats to beat and kill appellant. Appellant argues that the trial court erred when it allowed the two witnesses to testify on cross-examination that they did not take seriously the threats made by Nieto. Appellant asserts this testimony goes to the ultimate fact as to whether appellant acted in self-defense. We disagree. The witnesses were not asked and did not testify as to whether they believed appellant acted in self-defense and so they did not express an opinion on the ultimate issue of fact. Moreover, appellant was not present when the threats were made, and there was no evidence that he knew of these threats when he shot Nieto. Accordingly, this testimony had no bearing on whether appellant believed he faced an imminent threat at the time he shot Nieto. See, e.g., *Baker v. State*, 142 Ga. 619 (83 SE 531) (1914) ("[A]pprehensions or opinions of third parties, that the accused is in imminent danger, are not relevant. But facts from which apprehension might reasonably be inferred, as distinct from opinion, are relevant when stated or shown by third parties."). This enumerated error is without merit.

3. Appellant contends the charges given on justification, provocation, and voluntary manslaughter were conflated, causing confusion to the jury. Jury charges are to be considered as a whole to determine whether there is error. *Lewis v. McDougal*, 276 Ga. 861 (583 SE2d 859) (2003). Our review of the charges given to the jury shows that the charges were legally accurate and were not confusing. None of the charges precluded the jury from considering appellant's claim of self-defense. Thus, this enumerated error cannot be sustained.

4. At trial, appellant testified he shot at Nieto because he believed Nieto had a knife. Appellant asserts that the trial court erred when it failed to give, sua sponte, a charge on the lack of a duty to retreat when a person acts in self-defense. This argument cannot be sustained. Since appellant's claim of self-defense was fairly presented during trial, namely through his own testimony, and the jury was instructed on the law of justification and self-defense, any

failure to instruct the jury on the lack of a duty to retreat does not require reversal. *Edmonds v. State*, 275 Ga. 450 (4) (569 SE2d 530) (2002). See also *Mitchell v. State*, 283 Ga. 341 (2) (659 SE2d 356) (2008) (no reversible error where defendant did not request language on the duty to retreat, a charge was given on self-defense, and the self-defense claim was fairly represented to the jury). Therefore, the trial court did not commit reversible error when it did not charge the jury on this issue.

5. Appellant contends the trial court erred when it recharged the jury on malice murder, felony murder, and voluntary manslaughter. Appellant admits that he made no objection to the recharge at the time it was given. Therefore, appellant failed to preserve this issue for appellate review. *Loadholt v. State*, 286 Ga. 402 (3) (687 SE2d 824) (2010) (for cases tried before July 1, 2007, failure to object will bar the review of a jury charge unless the defendant shows a substantial error in the charge which was harmful as a matter of law). Appellant, who was tried prior to 2007, has failed to show any substantial error in the recharge given by the trial court and so the matter is waived on appeal. Id. at 405.

6. Appellant argues the trial court erred when it refused to give appellant's requested charge on transferred justification. The record shows that rather than give appellant's requested charge, the trial court gave the jury an instruction on justification and an instruction on transferred intent. The trial court's actions were consistent with this Court's ruling in *Patel v. State*, 278 Ga. 403 (3) (603 SE2d 237) (2004) in which we held that the principle of transferred justification is adequately covered when a trial court instructs the jury on justification and transferred intent. Therefore, the trial court did not err in this instance.

7. Appellant asserts that two of his convictions — reckless conduct and aggravated battery — are mutually exclusive. Appellant concedes he did not raise this issue before the trial court and, as such, the matter cannot be raised for the first time on appeal. See *Higginbotham v. State*, 287 Ga. 187 (2) (695 SE2d 210) (2010).

8. Appellant asserts that two of his convictions — reckless conduct and aggravated battery — should have merged and, there-fore, are void sentences. In *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), this Court set forth the required evidence test for determining whether convictions merge.

> Under the "required evidence" test . . . "(t)he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

one, is whether each provision requires proof of a fact which the other does not."

Id. at 215. Here, the indictment provided in regard to the offense of aggravated assault, which was reduced to reckless conduct,[2] that appellant "did unlawfully make an assault upon the person of Almanida Murilla, with a firearm, a deadly weapon, by shooting Almanida Murilla with said firearm. . . ." The indictment for aggravated battery[3] provided that appellant "did maliciously cause a person, Almanida Murilla, bodily harm by seriously disfiguring her body, by shooting Almanida Murilla causing scarring. . . ." Based on the indictments, both offenses required the State to show appellant shot Murilla. However, the aggravated battery charge also required showings of malice and disfigurement while the reckless conduct charge did not. The reckless conduct charge did not require any more proof beyond showing the appellant shot the victim causing her bodily harm. Therefore, for sentencing, the reckless conduct charge should have merged into the aggravated battery charge as a matter of fact. *Collins v. State*, 283 Ga. App. 188 (1) (b) (641 SE2d 208) (2007). Accordingly, the judgment of conviction and the sentence for reckless conduct must be vacated and the case remanded for proceedings consistent with this opinion.

9. Appellant's remaining enumeration of error has been abandoned. Supreme Court Rule 22.

*Judgment affirmed in part, vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Jennifer A. Trieshmann*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K.*

---

[2] A person is guilty of reckless conduct when he "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . ." OCGA § 16-5-60 (b).

[3] A person commits aggravated battery when "he . . . maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a).

*Smith, Senior Assistant Attorney General, Mary K. Ware, Assistant Attorney General,* for appellee.